

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 08 C 2432 |
| LASHAWN LITTRICE and DIAMOND ACCOUNTING & FINANCIAL SERVICES, INC., | ) The Honorable William J. Hibbler |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America, brings this suit pursuant to the Internal Revenue Code (IRC), 26 U.S.C. §§ 7402, 7407, and 7408, in order to enjoin Defendants LaShawn Littrice and Diamond Accounting & Financial Services from preparing and filing federal tax returns for others and from violating the tax laws. Plaintiff now moves for summary judgment on their claims. For the reasons stated below, the Court GRANTS Plaintiff's motion.

### I. Standard of review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a

1

genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

In this case, Defendants have not responded to Plaintiff's motion and statement of facts. Thus, according to the Local Rules, they have admitted all of Plaintiff's facts. L.R. 56.1(b)(3)(C). They have also obviously failed to provide any evidence to survive summary judgment. While Littrice is proceeding *pro se*, the United States did provide her with notice, pursuant to Local Rule 56.2, of the consequences of her failure to respond. As a result, so long as the facts set forth by the United States support a finding of summary judgment, the Court must grant its motion.

## II. Factual Background

Littrice and Diamond Accounting are paid to prepare other people's tax returns. (Pl. Rule 56.1(a)(3) Statement (hereinafter "Def. St.") ¶ 3.) Littrice is Diamond Accounting's sole shareholder, officer, and its registered agent. (Def. St. ¶ 4.)

When preparing customers' tax returns, Littrice would ask few questions of the customers and request minimal information. She did not ask for or receive supporting documentation, and told customers that supporting documentation was not necessary. Defendants concocted numbers when completing customers' tax returns. They falsified and manufactured expenses and deductions on the returns. They also made false claims for the Earned Income Tax Credit. They claimed these expenses and deductions without the customers' knowledge. (Def. St. ¶ 6.)

Littrice's conduct resulted in the defendants' customers obtaining larger refunds than they were properly entitled to or reporting and paying less than they owed in taxes. (Def. St. ¶ 7.) The Internal Revenue Service (IRS) has examined 718 returns prepared and filed by the defendants for the tax years 2003 through 2008. The examination revealed that only 20 of those 718 returns produced no tax deficiency. (Def. St. ¶¶ 8-10.)

Diamond Accounting is an "Electronic Return Originator" (ERO). An ERO is an entity that is authorized to initiate the electronic submission of tax returns to the IRS. Until 2007 Littrice listed herself as the preparer for all tax returns electronically filed by Diamond Accounting. In 2007, after learning of the IRS investigation of the defendants, Littrice began filing returns with the IRS, through Diamond Accounting, that contained a preparer tax identification number (PTIN) not belonging to Littrice. The PTIN she used belongs to a retired return preparer living in Colorado. The actual owner of the PTIN did not prepare any of the returns that were filed by Diamond Accounting and had no knowledge that her PTIN was being used. (Def. St. ¶ 23.)

Defendants continued to prepare and file federal tax returns that they knew were false even after Littrice learned of the investigation into the defendants' return preparation activities. (Def. St. ¶ 24.)

Littrice and her return preparation practice were the subject of a criminal investigation. On June 23, 2005, IRS agents executed a search warrant on the premises of Diamond Accounting's office located in South Holland, Illinois. (Def. St. ¶ 17.) As a result of the criminal investigation, the United States filed a sixteen count indictment against Littrice on June 25, 2008, under 26 U.S.C. § 7206(2), for willfully aiding or assisting in the preparation and presentation of false and fraudulent tax returns. The Government later dismissed two of the

counts. (Def. St. ¶ 18.) On July 10, 2008, as a condition for her pretrial release, the criminal court prohibited Littrice from preparing tax returns. (Def. St. ¶ 19.) On June 4, 2010, after a seven-day trial, a jury found Littrice guilty as charged in each of the fourteen counts of the indictment. (Def. St. ¶ 20.) Littrice was sentenced on December 16, 2010, to a term of forty-two months' imprisonment. (Def. St. ¶ 21.)

Littrice appealed her conviction and submitted documents purporting to authorize the arrest of the Chief Judge of the District Court. (Def. St. ¶ 22; Shoemaker Decl. at Ex. F.) She also mailed documents challenging the court's authority to United States Attorney General. (Def. St. ¶ 22.)

### III. Analysis

Given the Defendants' failure to respond, and the fact that even if they had responded they would have been barred from denying their criminal activities by collateral estoppel because Littrice has been convicted, *see Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir. 1995) (laying out the test for establishing collateral estoppel), the facts in this case are undisputed. Thus, as noted above, the Court must only decide whether the facts provide a basis for granting the United States its requested relief. The United States seeks to enjoin the defendants from further preparing and filing federal tax returns for others and from further violating the tax laws.

Section 7407(b) of the IRC authorizes a court to enjoin a person from acting as an income tax return preparer if: (1) that person has engaged in conduct subject to penalty under IRC §§ 6694 or 6695; (2) injunctive relief is appropriate to prevent the recurrence of the conduct; and (3) an injunction prohibiting only the violative conduct would not be sufficient to prevent the person's interference with the proper administration of the IRC. 26 U.S.C. § 7407(b).

Section 6694(b) prohibits a preparer from willfully or recklessly understating tax liability on a return. As the facts set forth above and Littrice's conviction demonstrate, Defendants have undoubtedly engaged in such conduct. Section 6695(c) prohibits a tax preparer from filing returns without furnishing her PTIN. 26 U.S.C. § 6695(c). As noted above, Littrice also violated this section when she used someone else's PTIN to file returns. Thus, the United States has clearly satisfied the first requirement of Section 7407(b).

In order to determine the likelihood of future violations, and the corresponding need for an injunction, the Court must look to a variety of factors, including: (1) the gravity of harm caused by the offense; (2) the extent of defendant's participation and his degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve him in such transaction; (4) the defendant's recognition of his own culpability; and (5) the sincerity of his assurances against future violations." *United States v. Raymond*, 228 F.3d 804, 813 (7th Cir. 2000) (addressing a similar requirement for an injunction under 26 U.S.C. § 7408) (internal quotations omitted). Given that the IRS has already identified nearly 700 erroneous returns prepared by Defendants, that Littrice is the sole agent of Diamond Accounting, that her conviction indicates that her conduct was willing, that more than 97% of the returns she prepared that the IRS reviewed produced a deficiency, that Defendants continued to engage in illegal conduct even after they knew the IRS was investigating, and that Littrice continues to contest her guilt and the Court's authority, the United States has more than met its burden of showing a "reasonable likelihood" of future violations. *See United States v. Kahn*, 827 F.2d 1144, 1148 (7th Cir. 1987) (quoting *Securities & Exchange Comm'n v. Holschuh*, 694 F.2d 130, 144 (7th Cir. 1982) ("In an action for a statutory injunction, once a violation has been demonstrated, the moving party need only show that there is a reasonable

likelihood of future violations in order to obtain relief"). Moreover, because Defendants have engaged in a wide range of prohibited conduct, and even changed their tactics to include falsifying PTINs when they realized the IRS was investigating them, the Court finds that it is necessary to issue a general injunction against tax preparation pursuant to Section 7407. Thus, the Court grants the United States' motion as to Section 7407 and permanently enjoins Defendants from: (a) preparing or filing federal income tax returns, amended returns, and other related documents for others, and (b) engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694 and 6695.

The Court need not engage in much more analysis with regard to the United States' request for relief under Section 7408, which allows for an injunction to prevent recurrent violations of Section 6701, among others. 26 U.S.C. § 7408. Section 6701 imposes a penalty on anyone who aids in or advises the preparation of any portion of a tax return knowing that it will result in the understatement of tax liability. 26 U.S.C § 6701. For all of the reasons already discussed, Defendants have not only violated Section 6701, but there is a reasonable likelihood that they will do so again. Thus, the Court grants the United States' motion as to Section 7408 as well and permanently enjoins Defendants from engaging in any conduct violative of Section 6701.

Finally, given the breadth and gravity of Defendants' conduct, the Court also grants the United States' motion as to Section 7402, which grants the Court broad powers to enjoin conduct when necessary to enforce the internal revenue laws. 26 U.S.C. § 7402. The Court therefore enjoins Defendants generally from participating in tax return preparation for others.

## CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

8/8/11
Dated

Hon. William J. Hibbler
United States District Court